Caruthers, J.,
delivered the opinion of the Court.
In August, 1857, Pollard sold to Eisher a slave named Bill, for $800, and a certain iron gray horse, provided the slave, then runaway, could he obtained in possession by the vendee. In that event the money was to be paid, and the horse delivered, and “said Eisher agrees to make all things right as to the horse above spoken of, as to soundness in every respect.” Such is the contract as set forth in a writing that day signed by both parties. The events contemplated, all, very soon after, happened. The money was paid, the horse delivered, and a bill of sale executed for the slave. In March, 1858, this action was instituted for unsoundness in the horse, and a verdict and judgment for $150 against the defendant.
There is nothing in the objection, that as this trade *316 was conditional, that is, only to take effect in the event the slave was reclaimed, the written warranty of the soundness of the horse was not obligatory. The contingency having hajopened, it took full effect as if it had been at first without condition. So, the contract of warranty was binding.
The main controversy in the case, upon the trial, was as to the extent of the warranty. It was conceded that the horse was unsound in one or both of his eyes; but this, it was insisted was visible to the most casual observer, and was, in fact, well known to the vendee, and consequently not covered by the warranty. How the facts were in that respect is not so material now, as the.jury have passed upon them, but the question before us is, whether the law was correctly charged by the Court on that doctrine.
It is well settled that a general warranty of soundness, whether in writing or parol, does not extend to an unsoundness or defect which is plain and obvious to the purchaser, or of which he had cognizance. 1 Par. on Con., 460, (top,) and n. i.; 2 Hum., 308. This is upon the ground that it will not be presumed that the parties intended to embrace in the general terms employed in the contract, imperfections well known 'to both, or so plainly visible and obvious as that they must be presumed to have been known by" the vendee. This rule is always applied for the purpose of restricting the general words used, to the manifest intention and understanding of the parties. It would be absurd to suppose that the seller intended to make, and the vendee supposed he was receiving, a warranty against defects well *317 known to both parties, or so apparent and visible as to be obvious to ordinary observation.
The case of Long v. Hicks, 2 Hum., 305, decides, that “ a written warranty does not extend to defects which are visible, or of which the vendee is informed at the time of sale.” The case before the Court, to which this principle was applied, rested upon the correctness of the charge to the jury, in these words: “ That if the negro was unsound at the date of the warranty, there was a 'breach, and that they were to disregard the testimony as to the knowledge of the plaintiffs in reference to the unsoundness.” The Court had rejected all proof of the knowledge of the purchaser of the unsoundness. It- is stated in the opinion, in that case, that the proof shows “that the unsoundness was so obvious, that any one who had ever seen a negro might discover it by casual view;” and the purchaser, in reference to it, said he did not care, as the woman was worth the money he was paying for' both. That decision was certainly correct, and so is the rule laid down in reference to it. That case was fully recognized in the charge now before us.
But the- character of the known or patent defects, which, according to this principle, are excluded from the warranty, is another question. The want of a tail, or ear, or limb, are certainly excluded, but any other permanent defect or unsoundness known or visible, would likewise be embraced by the rule. But if it is made known, or seen, that there is some defect in the eye, or a splint on the leg, without .present lameness from it, but afterwards the eye went out from the injuries, or the horse became lame from the effects of the splint, *318 yet the warranty of soundness would cover those defects, because the extent of the disease or defect was not known. The principle seems to he, that to exclude a defect from the operation of a general warranty of soundness, upon the ground that it is known to the purchaser, or might have been because of it being plain and obvious, it- must appear that the vendee was not misled as to its character or extent. The fact that a slave has a cough, or doubtful indications of a cancer, white swelling, dropsy, or any other disease, and this known to the buyer, does not save the seller from the obligations of a general warranty of soundness, if these appearances and indications should turn out to be the incipient stages of a permanent disease. 1 Par. on Con., 460, n. (i), and cases there cited. To exclude a defect or disease from the operation of the warranty, it must be of such a character or description, as to disclose to the vendee not only the existence, but the extent of the defect or disease, and if this is not so, it is covered by the warranty.
To illustrate by the case in hand. Some defect in the eye of the horse was not only made known, but was visible; but it was said by the vendor it resulted from an injury recently received by a blow, and its extent was not declared, nor could it be discovered. This sort of case is covered by the warranty, even though there be no fraud.
The part of the charge particularly objected to is this, “if a horse is sold with a written warranty of soundness, the vendor could not protect himself from an action by introducing parol proof to show that he disclosed the unsoundness at the time of the sale, and that *319 the vendee took the horse at his own risk.” Proof to show these facts was offered and rejected. We are not able to reconcile this position in the charge to the general rule, that defects known to the vendee are not covered by the warranty. The rule stated in Long v. Hicks is, that a written warranty does not extend to “ defects of which the vendee is informed at the, time of sale.” If the writing specified that the eyes or the limbs were sound, or that the animal was free from the glanders or any other specified disease, then it would not be admissible to prove in the face of the writing, that such disease was made known or excepted; the rule would be the same if the warranty 'was in parol. But" when the warranty is in general terms, we think the law is too well settled to be now disturbed, that defects known or visible, are ■ not covered; and, consequently, proof to establish these facts must be competent. The object of the rule is, not to defeat or contradict the contract, but to define and explain it; not to frustrate the intention of the parties, but to ascertain what was meant by them' to be covered by the undertaking of the vendor. The rule itself would seem, at first view, to infringe upon other established principles, but with this explanation of it, perhaps it does not. At all. events, it is fixed and settled, whether it be consistent with other rules, or an exception to them.
In this particular we think his Honor erred, though his charge is, in other respects, very able and correct on the doctrine involved.
From what we see of the case, it is by no means certain, that a correct charge, on this point, with the proof rejected, would have changed the result; because, *320 it may be that all which was said and made known at the time, would only amount to the disclosure of a blemish or injuvy that might not have been understood by the parties to be permanent, in which case it would not be exempted from the warranty, but be covered by it, in the event that it turned out to be more serious and fatal than the information communicated, or the appearance indicated. In other words, the extent of the disease* or defect may not have been obvious or made known, and if not, as we have seen, it would still fall under the warranty of soundness.
But the defendant was entitled to the benefit of his proof on this point, before the jury, on a correct charge.
For this error, the judgment will be reversed.